IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ROBERT LEE ROSSER, III,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 7:25-cv-68-LAG-ALS |
| **DA ANDREW POPE,** *et al.*, | : |
| **Defendants.** | : |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Robert Lee Rosser, III, an individual currently residing in the Eastern Louisiana Mental Health Hospital in Jackson, Louisiana. (Doc. 1). Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but it is **RECOMMENDED** that this case be dismissed without prejudice.

### MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. He may therefore proceed without prepayment of the filing fee.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1).[1] If the prisoner has sufficient

---

[1] Plaintiff acknowledges that he is a "pretrial detainee" who is "being detained unlawfully" in Louisiana "for a crime that [he] was not convicted of." (Doc. 1, at 4-5, 14). As such, he meets the statutory definition of "prisoner." 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his Complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff must pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

### I.     Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if

it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.   Factual Allegations

Plaintiff's claims stem from his allegedly improper classification as a sex offender. (Doc. 1, at 7). As best as the Court can tell, Plaintiff was charged with committing the offense of rape in

4

1994 in Thomas County, Georgia. *Id.* at 13. In lieu of the rape offense, it appears Plaintiff pleaded guilty to reduced charges of aggravated assault and/or aggravated battery. *Id.*

According to the Complaint, Defendant Watkins—a former Thomas County sheriff's deputy who is now the Thomas County Sheriff—"forced" Plaintiff "to register as a sex offender before [he] could be released from jail" in May 2020. (Doc. 1, at 13). In 2021, Plaintiff claims he "was falsely convicted by" Thomas County District Attorney Defendant Pope for failure to register as a sex offender, and he was "falsely imprisoned" from 2021 until 2023 as a result. *Id.* at 14.

Plaintiff also contends he has since been held in Louisiana "for seven months as of March 19, 2025," and he is "still being held," presumably on failure-to-register charges in Louisiana. *Id.* at 13. Plaintiff is listed on the sex offender registry maintained by the New Orleans Police Department as having been charged with rape in Georgia. *See* https://www.icrimewatch.net/offenderdetails.php?OfndrID=26068718&AgencyID=54320 [https://perma.cc/SJ23-JU9Z] (search "Rosser Robert") (last visited Aug. 22, 2025).[2]

In short, Plaintiff maintains he "was forced to register as a sex offender when [he] had not been convicted of [a] crime" that requires registration and his continued registration and subsequent detention violates his constitutional and statutory rights. (Doc. 1, at 13). Plaintiff seeks injunctive relief "to correct all records in the state of Louisiana and the state of GA," the removal of his name from the registries, and the discontinuation of any requirement to register as a sex

---

[2] This Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may judicially notice such facts "on its own" and may do so "at any stage of the proceeding." Fed. R. Evid. 201(c), (d). Information taken from online state government resources "generally satisf[ies] this standard." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652-53 (11th Cir. 2020) (holding that the "District Court could properly notice the state court docket sheets" found on a website for a clerk of a state circuit court where there was "no reason to think" the docket entries were not accurate and parties were given "opportunity to ask to be heard on propriety of judicial notice"). If Plaintiff believes that judicial notice is not appropriate in this case, he should object to this Recommendation.

offender. *Id.* at 14. Plaintiff also seeks monetary damages. *Id.* at 14-15.

**III.     Plaintiff's Claims**

A. Claims arising from Georgia Conviction

Plaintiff's initial claims arise from his allegedly improper designation as a sex offender and his subsequent conviction in Georgia for failure to register as a sex offender. Each of these claims should be dismissed.

*1. Claims against Defendant Watkins*

Plaintiff first alleges that, before he could be released from jail in 2020, Defendant Watkins "forced" him to register as a sex offender in Georgia. (Doc. 1, at 13). At the time that he claims he was forced to register as a sex offender, Plaintiff claims he had not been convicted of an offense that would have required him to register as such. *See id.* It is unclear from available court records whether any of Plaintiff's convictions were registrable offenses in Georgia. If they were not, then Defendant Watkins's conduct may have implicated Plaintiff's due process right not to be classified as a sex offender in Georgia. *Kirby v. Siegelman*, 195 F.3d 1285, 1292 (11th Cir. 1999) ("An inmate who has never been convicted of a sex crime is entitled to due process before the state declares him to be a sex offender.").[3] Even assuming Defendant Watkins erroneously required him to register, however, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff's claims are first subject to dismissal because the doctrine set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994), bars his wrongful registration claims. In *Heck*, the Supreme Court of the United States held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. If it would, then the prisoner's

---

[3] The Court expresses no opinion as to whether any of Plaintiff's convictions may have been registrable offenses in Louisiana or Georgia.

6

claims must be dismissed unless he "can demonstrate that the conviction or sentence has already been invalidated." *Id.* In this case, Plaintiff's allegations that Defendant Watkins improperly registered him as a sex offender would necessarily implicate the validity of his convictions for failure to register as a sex offender. His claims are therefore *Heck*-barred unless he can show that his conviction was previously invalidated. *Heck*, 512 U.S. at 487; *see also Ryals v. Att'y Gen. of Tex.*, 608 F. App'x 274, 275 (5th Cir. 2015) (noting that plaintiff's challenges to county's enforcement of sex offender registration program amounted to "an indirect challenge to his convictions for failing to register as a sex offender, and accordingly, the challenge is barred by *Heck*"); *Martin v. Fla.*, No. 3:24cv600-LC-HTC, 2025 WL 2087773, at *2 (N.D. Fla. June 24, 2025) (dismissing claims under *Heck* because if the plaintiff "succeeded in proving he is not a sex offender," it would invalidate his prior conviction for failing to register as a sex offender "because being a sex offender is an element of the offense"). Plaintiff has failed to make such a showing, and any claims against Defendant Watkins would be subject to dismissal under *Heck*.[4]

Plaintiff could, perhaps, "disclaim[] any challenge to his past convictions" in Georgia and "instead argu[e] that his continued presence on the Georgia registry violates his constitutional rights." *Ridley v. Caldwell*, No. 21-13504, 2022 WL 2800203, at *2 (11th Cir. July 18, 2022).

---

[4] The Court recognizes that dicta from the Supreme Court suggests an exception to *Heck* may apply when habeas relief is unavailable, such as when a former prisoner brings suit upon his release. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 19-21 (1998) (Souter, J. concurring) (suggesting that *Heck* may not bar § 1983 claims if habeas relief is not available). But courts that have considered this exception have done so only where the plaintiff challenges the loss of good-time credits, revocation of parole, or similar matters, and does *not* challenge the underlying conviction; some courts further require the plaintiff to have attempted to pursue habeas relief while incarcerated. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (holding that plaintiff could not "use his failure timely to pursue habeas remedies as a shield against the implications of *Heck*" (internal quotation marks and citation omitted)). In this case, Plaintiff is plainly challenging his underlying conviction, and it does not appear that he took any steps to pursue habeas relief while he was incarcerated. As such, this potential exception to the *Heck* bar should not apply here. *Reilly v. Herrera*, 622 F. App'x 832, 834 (11th Cir. 2015) (concluding that "Justice Souter's proposed *Heck* exception in *Spencer*, even if adopted, d[id] not apply" where plaintiff "had ample time to pursue an appeal or other post-conviction remedies . . . yet he did not avail himself of any of them"); *Vickers v. Donahue*, 137 F. App'x 285, 289-90 (11th Cir. 2005) (finding *Heck* would bar § 1983 claims that probation officer used false information to secure arrest warrant where plaintiff could have sought post-revocation relief and success on claim would necessarily imply the invalidity of probation revocation proceeding).

Such claims could at least arguably survive the *Heck*-bar because they do not necessarily implicate the invalidity of his underlying conviction. *See id.* Even if the Complaint could be liberally construed as raising such claims, however, they would be barred by the applicable statute of limitations. The limitations period for filing a § 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Georgia, the proper limitations period for a § 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him. *Id.* at 562. "This rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." *Id.*

Plaintiff contends that Defendant Watkins wrongfully required him to register as a sex offender in May of 2020, but he did not sign his Complaint until March 18, 2025—nearly five years later. (Doc. 1, at 11, 13). Plaintiff knew or should have known of the injuries to his rights at the time he was wrongfully registered. At the very latest, Plaintiff knew or should have known that he was wrongfully registered as a sex offender when he was imprisoned for failure to register in 2021. *Id.* at 14. Either way, the statute of limitations expired years prior to Plaintiff filing this action.

The Court has also considered whether Plaintiff's allegations against Defendant Watkins could perhaps implicate the continuing violation doctrine. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). The continuing violation doctrine "permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Robinson v.*

8

*United States*, 327 F. App'x 816, 818 (11th Cir. 2007). "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of a violation into the present, which does." *Lovett*, 327 F.3d at 1183 (alterations in original) (quoting *Knight v. Columbus, Ga.*, 19 F.3d 579, 580-81 (11th Cir. 1994)). Where a continuing violation is involved, "the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases." *Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007).

The continuing violation doctrine cannot save Plaintiff's claims against Defendant Watkins because those claims are based on a one-time violation: Plaintiff's wrongful registration. While this registration "will continue to have effects on [Plaintiff] in the future, a new act has not occurred every time [Plaintiff] feels one of those continuing effects." *Meggison v. Bailey*, 575 F. App'x 865, 866-67 (11th Cir. 2014). The continuing violation doctrine therefore does not apply insofar as Plaintiff contends Defendant Watkins forced him to register as a sex offender. *See id.* (holding that continuing violation doctrine did not apply to wrongful registration claim because plaintiff "could have asserted it as soon as the allegedly wrongful enforcement of the registration requirements occurred"); *see also Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1310 (11th Cir. 2022) (holding that continuing violation doctrine could not save plaintiff's claims "that they have been injured by their very classification as sex offenders").

Further, the continuing violation doctrine "is limited 'to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred.'" *Moore v. Fed. Bur. of Prisons*, 553 F. App'x 888, 890 (11th Cir. 2014) (quoting *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006)); *see also McGroarty v. Swearingen*, 977 F.3d 1302, 1308-09 (11th Cir. 2020) (holding that continuing violation doctrine would not apply where

9

plaintiff knew or should have known of claimed injury when he was informed that he had continuing registration requirements under sex offender registration laws). As noted above, Plaintiff was or should have been aware that Defendant Watkins purportedly violated his rights before he filed this lawsuit. *See Moore*, 553 F. App'x at 890 (holding that plaintiff's arrest for failure to register as a sex offender put him on notice that officer violated his rights by mistakenly including him on registry and therefore continuing violation doctrine did not apply). The continuing violation doctrine therefore should not apply to save Plaintiff's claims. Thus, to the extent Plaintiff's claims against Defendant Watkins are not *Heck*-barred, they are time-barred and should be dismissed. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (dismissal appropriate on statute of limitations grounds where plaintiff pointed the court "to no particular reason why the statute of limitations might be tolled in his case" and the court could "discern none from the record").

### 2. Claims against Defendant Pope

Next, Plaintiff sues Defendant Pope, the district attorney who prosecuted him on failure-to-register charges in Georgia. (Doc. 1, at 2-3). Any claims for damages against Defendant Pope are barred by prosecutorial immunity. "Absolute immunity . . . applies to the prosecutor's actions in initiating a prosecution and in presenting the State's case." *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) (internal quotation marks and citation omitted). In other words, a prosecutor is absolutely immune from liability for actions "which occur in the course of his role as an advocate for the State," including but not limited to "appearances in judicial proceedings, . . . prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Id.* at 837-38 (internal quotation marks and citation omitted).

In this case, Plaintiff's claims against Defendant Pope are based entirely on his conduct in prosecuting the case against Plaintiff, and the Complaint does not suggest that he acted outside the territorial jurisdiction of his office. Defendant Pope is therefore entitled to prosecutorial immunity as to any claims for damages, and these claims should be dismissed. *See, e.g.*, *Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984) (prosecutor is entitled to immunity even when she knowingly uses perjured testimony, files an information without an investigation, files charges without jurisdiction, files a baseless detainer, or threatens a criminal defendant with further prosecution, among other things).

Prosecutorial immunity, however, does not apply to claims for injunctive relief. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff's claim that he was not legally required to register as a sex offender could necessarily call into question the validity of his prosecution for failure to register, as well as support a potential claim for injunctive relief against the prosecutor. Nevertheless, his claims against Defendant Pope are *Heck*-barred unless he can show that his conviction or sentence was previously invalidated, and he has made no such showing here. *Martin*, 2025 WL 2087773, at *2. In addition, to obtain injunctive relief against a prosecutor, a plaintiff must demonstrate "that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. Generally, the fact that "plaintiffs may appeal any rulings, or actions taken, in their criminal cases" is sufficient to show that an adequate remedy at law exists. *Id.* Plaintiff had the opportunity to bring his challenges to his wrongful registration in his criminal cases.[5] His claims for injunctive relief against Defendant Pope should also be dismissed.

---

[5] Plaintiff may have other remedies as well. For example, Georgia law provides that a person required to register as a sex offender may petition a superior court for release from registration requirements under certain circumstances. *See generally* O.C.G.A. § 42-1-19. The Court expresses no opinion as to whether Plaintiff qualifies for relief under this statute.

11

B. <u>Claims arising from Louisiana Prosecution</u>

Plaintiff's remaining claims arise from the unadjudicated failure-to-register charges against him in Louisiana. As to these claims, Plaintiff sues Defendant Williams, the district attorney prosecuting these charges. Because the criminal charges against Plaintiff appear to be pending in Louisiana, the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), bars these claims. In *Younger*, the Supreme Court explained that federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53-54. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g.*, *Newsome v. Broward Cnty. Pub. Defs.*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (extending *Younger* to § 1983 actions).

Any decision by this Court with respect to the constitutional issues raised by Plaintiff would substantially interfere with, and perhaps undermine, the decisions reached by the state court in any pending criminal proceedings. *See Newsome*, 304 F. App'x at 816 (noting that the relevant inquiry with respect to the first *Middlesex* factor is "whether the federal proceeding will interfere with an ongoing state court proceeding" (internal quotation marks and citation omitted)); *see also Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 490 (11th Cir. 2015). The pending criminal proceedings also implicate Louisiana's important interest in prosecuting those who have violated its criminal laws. *See, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state interest in the enforcement of its laws). And Plaintiff has failed to meet his burden

of showing that the state proceeding will not provide him with an adequate opportunity to raise his claims that he was improperly arrested. *See Watson*, 618 F. App'x at 490 (noting that federal courts should assume that the state procedures provide an adequate remedy absent "unambiguous authority to the contrary" (citation omitted)).

Further, Plaintiff has not alleged sufficient facts to demonstrate that an exception to the *Younger* abstention doctrine applies. *Younger* abstention may not be required where "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Plaintiff has not shown that any special circumstances exist which create a threat of irreparable harm if this Court fails to intervene in his ongoing criminal prosecution or that he will be somehow deprived of an adequate forum where his constitutional challenges can be addressed. The mere fact that Plaintiff must endure a state criminal prosecution fails to demonstrate irreparable harm. *See Younger*, 401 U.S. at 46.

Claims for injunctive relief are properly dismissed when *Younger* applies. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). Plaintiff's claims for injunctive relief must therefore be dismissed. In cases where *Younger* abstention is appropriate and the plaintiff also seeks damages, as Plaintiff does here, the common practice "is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014). This preference for a stay is applicable only where the complaint "allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction." *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988). Federal courts have interpreted that limitation "to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Boyd*, 575 F.

13

App'x at 520 (collecting cases). Plaintiff's claims for damages against Defendant Williams are subject to dismissal because Defendant Williams—like Defendant Pope—is entitled to prosecutorial immunity on any claims for damages. *Rehberg*, 611 F.3d at 837. Plaintiff's claims against Defendant Williams are thus subject to dismissal pursuant to 28 U.S.C. § 1915(e), and a stay of those claims, as generally required under *Younger*, would be futile.

### C. Claims under 42 U.S.C. § 1985 and Title 18

Plaintiff also seeks to bring claims under 42 U.S.C. § 1985 and several provisions of Title 18 of the United States Code. (Doc. 1, at 12). Title 18 is the primary federal criminal code, and the statutes to which Plaintiff refers appear to be federal criminal laws. The United States Court of Appeals for the Eleventh Circuit "has concluded that criminal statutes do not provide for private civil causes of action, so it follows that [Plaintiff's] Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action." *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002)).

The basis for Plaintiff's § 1985 claims is not clear. He may be attempting to raise a claim under 42 U.S.C. § 1985(3), which provides a cause of action for the conspiracy to deprive a person of their civil rights. Plaintiff, however, has not pleaded any specific facts that tend to show a conspiracy existed between any of the named Defendants. *See, e.g.*, *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (finding that district court properly exercised discretion to dismiss conspiracy claim prior to service where plaintiff made only a "naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts"). Plaintiff's § 1985 claims are therefore subject to summary dismissal. *See Cooksey v. Waters*, 435 F. App'x

881, 883 (11th Cir. 2011) (affirming grant of summary judgment on § 1985 claims where plaintiff had made only "[c]onclusory allegations of discrimination and conspiracy, without more").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and as barred by *Younger* and/or *Heck*.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Leslie A. Gardner, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 10th day of September, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE